IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GALLUP, INC. d/b/a** | : | **CIVIL ACTION** |
| **THE GALLUP ORGANIZATION** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 00-5523 |
| | : | |
| **KENEXA CORPORATION,** | : | |
| Defendant. | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                               **May 14, 2009**

**I. INTRODUCTION**

Gallup and Kenexa settled this copyright case in 2006 with a settlement agreement and a consent order. Kenexa acknowledges a breach of the agreement during the compliance monitoring period, and Gallup is seeking sanctions. For the reasons set forth below, I will deny Gallup's requested sanctions.

**II. DISCUSSION**

**A. Facts**[1]

This copyright infringement action was brought by Gallup, Inc. against a competitor, Kenexa Corporation in the year 2000. Gallup alleged that Kenexa had

---

[1] As I write for the parties who are familiar with the background of this case, I will limit my recitation of the facts to those most pertinent to the motion for sanctions.

1

unlawfully used its employee engagement survey instrument - the "Q[12]."[2]  Three years ago, on January 30, 2006, the parties entered into a settlement agreement over which this court retained jurisdiction.  Gallup contends Kenexa breached the settlement agreement and filed a motion for sanctions.  Both parties agree that Kenexa failed to stop using prohibited items on some surveys (violating paragraph 5 of the agreement[3]) and failed to inform some clients that they were discontinuing those items (violating paragraph 10[4]).  While Kenexa's brief contains a counter-statement of the facts, it differs from Gallup's primarily in that it provides explanations for the breaches, points out that Kenexa has been steadily improving, and provides evidence that the breaches were not intentional, but rather the failure of its initially inadequate (yet good faith) efforts to comply. See Kenexa's Memorandum, pages 4-12.  There appears to be no pattern in Kenexa's use of restricted items to suggest that "the residual use" was anything other than "the result of human error, and not some scheme to satisfy client demands at the expense of Kenexa's contractual obligations."  Resp. at 5.

---

[2]The Q[12] is a survey given to a company's employees to measure their satisfaction with the workplace.  The survey seeks an employee's reaction to specific issues relating to the employee's perception of his workplace, as well as an "overall employee satisfaction question."

[3]Paragraph 5 prohibits Kenexa from using sixty-six (66) items, but provided for a 30-day grace period as well as a 60-day grace period for surveys under contract when the agreement was executed.

[4]Paragraph 10 required Kenexa to "inform all of its clients, current or former, since January 1, 2003, whose surveys contain or contained any of the Items, that Kenexa has agreed to discontinue the use of the particular Items contained in the surveys used with that client" and to "provide Gallup with an affidavit, under penalty of perjury, that Kenexa [had] complied with the terms of this paragraph."

A misunderstanding or miscommunication regarding the data analysis between Kenexa's counsel and the auditor caused delay in producing a complete report during the first audit period. Gallup Mem. at 5-7. It was the first time the audit had been conducted, the problem has not recurred and the only damage was a delay.

During the second audit period some technical difficulties with Kenexa's screening software resulted in the use of restricted items. During the third audit period, however, Kenexa used only one restricted item out of more than thirteen thousand items administered. Resp. at 11.

**B. Retaining Jurisdiction**

Paragraph 4 of the January 30, 2006 Consent Order (Document #192) states "The Court will retain jurisdiction of the matter for purposes of enforcing the terms of this Consent Order and of the Settlement Agreement." This provision permits this court to enter an order that expressly enforces the settlement agreement. Specifically, this court has authority to enter an order that requires client notification and payment of the auditor's costs and fees.

A court retaining jurisdiction may "extend" a settlement agreement provision. Holland v. New Jersey Dep't of Corr., 246 F.3d 267, 283 (3d Cir. 2001). However, these extensions are permitted "only if such compliance enforcement is essential to remedy the violation and thus provide the parties with the relief originally bargained for in the consent order." Id.

Here, Kenexa has consented to three extensions of the original agreement while not conceding that those extensions are "essential" under Holland.  Resp. at 13.  In light of Kenexa's agreement, a consideration of whether the extension is "essential" is unnecessary.  Kenexa will prepare and circulate to current and new employees a written policy setting forth the procedures to be used for compliance with the Settlement Agreement in the future, designate an employee who will be responsible for overseeing Kenexa's future compliance, and pay the costs and fees of an independent auditor for an additional one year auditing period.  Gallup's proposals - to take control of the notification, to require Kenexa's compliance person to be an officer and to extend the compliance monitoring period for two years - are more far-reaching than necessary at this time.

**C. Contempt**

A retaining jurisdiction provision in an order differs from an order that expressly incorporates the substance of an agreement. The former cannot support a finding of contempt because the party has not been ordered by the court to perform the specific action. Rather, the court merely retains jurisdiction over the agreement and adjudicates any breaches as it would a new contract case added to the court's docket.  When an order re-states the language from the agreement, the court has adopted and ordered the specific conduct to which the parties agreed.  A breach of this agreement may also constitute contempt.  A contempt proceeding is only appropriate for the violation of a court order,

not for a violation of an agreement over which a court retains jurisdiction.

This case involves a retention of jurisdiction provision in a settlement order. The order contains four simple provisions, two of which are stipulations by Kenexa. First, the order states that Kenexa stipulates that Gallup owns a valid copyright in the Gallup $Q^{12.}$, that the $Q^{12.}$ is comprised of thirteen individual items, and that the copyright is validly registered. Consent Order (Document #192). Second, the order states that Kenexa stipulates that Gallup is the original author of the $Q^{12.}$ and each of the thirteen items comprising it. Id. Third, the order states that the parties are executing a Settlement Agreement. Id. Finally, the order states that this court will retain jurisdiction of the case "for purposes of enforcing the terms of this Consent Order and of the Settlement Agreement." Id.

The nine-page Settlement Agreement consists of twenty-four numbered paragraphs. In paragraph 5 of that agreement, Kenexa agreed to stop using sixty-six items that were the subject of the lawsuit, subject to a thirty-day grace period to begin using surveys that did not contain those items and a sixty-day grandfather period to complete the administration of those surveys. In paragraph 10 of the agreement, Kenexa agreed to inform all of its clients since January 1, 2003 whose surveys contain(ed) any prohibited items that Kenexa agreed to discontinue those items. Kenexa also agreed to provide an affidavit certifying that it had notified those clients.[5] Paragraph 9 of the

---

[5]On April 5, 2006, Kenexa gave Gallup an affidavit sworn by then-Chief Operating Officer, Elliot Clark who certified that Kenexa had complied with the customer notice

5

agreement set forth a compliance monitoring procedure that required Kenexa to submit information to an independent auditor for three years. The agreement stated that the auditor would report his results to this court for review; this court would then authorize disclosure of the results to the parties.

Kenexa has breached paragraphs 5 and 10 of the Settlement Agreement. Those paragraphs were drafted by and agreed to by the parties. The requirements and language in those paragraphs were created and negotiated by the parties, not this court. Those paragraphs are not contained in any order of this court. Kenexa has not violated a court order, therefore Kenexa cannot be held in contempt for violating the parties' Settlement Agreement. See Silva v. Mamula, No. 93-5618, 1995 U.S. Dist. LEXIS 7189 at 2-3 (E.D. Pa. 1995) (holding that where the terms of the agreement had not be incorporated into a court order - the order only recognized the agreement as valid - the court could only remedy, not sanction).

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994) involved an order that a suit be dismissed. There was no language in the order at issue in that case which retained jurisdiction or incorporated the settlement agreement terms into the order. Id. at 381. Nevertheless, Gallup cites Kokkonen to support its argument that Kenexa should be held in contempt for violating the settlement agreement because this court retained jurisdiction over its terms. In Konnonen the Court stated that a breach of a

---

requirement of the Settlement Agreement. Gallup Mem. at 4 (Document #207).

settlement agreement "would be a violation of the order, and ancillary jurisdiction *to enforce the agreement* would therefore exist." Id. at 381.  The Tenth Circuit has similarly held that a consent order that includes a retention of jurisdiction provision, even where some of the agreement terms *are* incorporated into the order, does not give a court power to enforce an <u>unmentioned</u> term through contempt.  Here, all the terms are "unmentioned" because they are not expressly incorporated into any of this court's prior orders.

In <u>Enprotech Corp. v. Renda</u>, 983 F.2d 17, 21 (3d Cir. 1993), a case in which the parties never sought enforcement of the agreement for a breach, the Third Circuit held that "reliance on the inherent contempt powers of the court [was] premature."  Contempt proceedings would be premature in this case.  The extraordinary circumstances in which judicial process is abused and the court's inherent sanctioning power is warranted are not present here.  In this case there is no bad faith and no "egregious" conduct.  At the very least, Kenexa has not acted willfully.  Willfulness is the minimum level of culpability that must be shown in order for a party to be held in contempt under this court's inherent contempt power.  <u>Computer Power, Inc. v. Myers / Nuart Elec. Prods. Inc.</u>, No. 01-2451, 2002 U.S. Dist. LEXIS 2459 at 4 (D. N.J. 2002) ("Under their inherent power, federal courts may levy sanctions . . . for 'willful disobedience of a court order. . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (quoting <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 766 (1980)).

In <u>MGE v. Titan</u>, 2006 WL 3524502, at 15 (M.D. Tenn. 2006), the district court

imposed a monetary sanction of 30% of the defendant's gross revenues to "compel compliance." The facts of MGE are distinguishable in significant ways from the Gallup / Kenexa situation. In MGE, the court had issued a preliminary injunction ordering the defendants to refrain from using the software they had stolen from MGE. The preliminary injunction was a court order that specifically enumerated the prohibited conduct. It enjoined the defendant from "using MGE's software and data disk for any purpose," among other things. Id. at 1. In spite of the preliminary injunction that specifically stated the conduct in which the defendants were not to engage, the defendants in MGE continued to use MGE's software in violation of an express term of the court's order. Id. at 7. As a result, the district court imposed the 30% of defendant's gross revenue sanction, calculated from the first use of the restricted software. Id. at 15.

The preliminary injunction order in MGE was not - as in this case - an order stating that a settlement agreement between the parties was valid. As Kenexa has pointed out in its memorandum, this factual distinction between (1) an order validating an agreement and retaining jurisdiction over it and (2) an order specifically enumerating prohibited or required conduct is significant. The MGE case is in the latter category and therefore sanctions were appropriate. As Gallup is in the former category, sanctions are not (yet[6]) appropriate.

In MGE, the court was explicit about what was required for it to find defendant in

---

[6] If Kenexa *continues* to violate the attached order, sanctions might be warranted.

contempt. The <u>MGE</u> court's reasoning shows that sanctions are inappropriate under the facts of this case:

> For a finding of contempt, 'the facts found must constitute a plain violation of the decree so read.' <u>Cohn v. Kramer</u>, 136 F.2d 293, 295-96 (6th Cir. 1943) (quoting <u>Terminal R.R. Ass'n v. US</u>, 266 U.S. 17, 29 (1924)). The offending party must have 'violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.' <u>NLRB v. Cincinnati Bronze</u>, 829 F.2d 585, 591 (6th Cir. 1987) (quoting <u>SEC v. First Financial Group of Texas, Inc</u>., 659 F.2d 660, 669 (5th CIr. 1981). Violation of the Court's Order must be premised on the language of the Order: 'Unbroken lines of authority caution us to read court decrees to mean rather precisely what they say.' and ambiguities must be resolved in favor of the persons charged with contempt.' <u>Grace v. Center for Auto Safety</u>, 72 F.3d 1236, 1241 (6th Cir. 1996) (quoting <u>NBA Properties, Inc. v. Gold</u>, 895 F.2d 30, 32 (1st Cir. 1990).
> <u>Id.</u> at 12.

This court's inherent sanctioning power would likely not include the type of sanctions Gallup proposes even if Kenexa had violated an express order. The Supreme Court's admonition is to exercise inherent power "with restraint and discretion." <u>Chambers v. NASCO, Inc</u>., 501 U.S. 32, 59 (1991). Gallup's request for monetary sanctions appears to exceed any damage caused by Kenexa's breach. <u>Synthes Spine Co. v. Walden</u>, No. 04-4140, 2006 WL 3053317, 11 (E.D. Pa. 2006) ("damages award must not 'exceed the actual damages caused the offended party by a violation of the court's order'"). Further, because this court has not found Kenexa to have acted in bad faith, awarding attorneys' fees and costs would be inappropriate. <u>See, e.g.</u>, <u>Moss v. McDonald's Corp.</u>, No. 03-5000, 2006 WL 680985 (following the American rule that

"court must determine whether the party being sanctioned acted in bad faith before using its inherent power to impose sanctions").

### III. CONCLUSION & REMEDY

Kenexa will be ordered to fulfill the terms of the agreement. The order that follows specifically provides that Kenexa must abide by the terms of the agreement with respect to paragraphs 5 and 10.[7]

Additionally, the compliance monitoring period provided for in the agreement will be extended by one year from the date of the order that follows. The cost for this additional monitoring shall be borne exclusively by Kenexa.

Kenexa also will prepare and circulate to current and new employees a written policy setting forth the procedures to be used for compliance with the settlement agreement in the future, as provided in the order that follows. Finally, Kenexa will designate an employee who will be responsible for overseeing Kenexa's future compliance.[8]

An appropriate order follows.

---

[7] It appears that if Kenexa continues to engage in its breaching conduct, Gallup will have stronger footing to seek sanctions because Kenexa's violation will then be a violation of the express terms of this court's order. See, e.g., MGE v. Titan, *supra*.

[8] Kenexa represents that Wayne Robert Edwards has already been appointed to fill this role and has been providing oversight since 2007. Resp. at 13.