IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GALLUP, INC. d/b/a | : | CIVIL ACTION |
| THE GALLUP ORGANIZATION | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO. 00-5523 |
| | : | |
| KENEXA CORPORATION, | : | |
|     Defendant. | : | |

**O R D E R**

**AND NOW**, this 14th day of May, 2009, upon consideration of Gallup's Motion for Sanctions, Kenexa's response thereto and after a hearing in open court on January 14, 2009, it is hereby **ORDERED** that the motion is **DENIED**.

**IT IS FURTHER ORDERED**, upon finding that Kenexa Corporation has not complied with all the provisions of the parties' Settlement Agreement effective January 27, 2006 ("Settlement Agreement") during the first and second audit periods as defined in paragraph nine (9) of the Settlement Agreement. Accordingly, it is further **ORDERED** as follows:

    1. Within thirty (30) days of the date of entry of this Order, Kenexa shall prepare and circulate to all current Kenexa employees (in all offices, both domestic and international) who are involved in employee engagement survey design, administration, and/or sales, a written policy that sets forth the procedures to be followed by Kenexa in order to comply in the future with paragraph 5 of the Settlement Agreement. Said policy shall be mutually agreed upon by the parties prior to circulation by Kenexa, and, if the parties are unable to agree, shall be submitted to the Court for the resolution of any

disputes with respect thereto.

(a) Kenexa shall re-circulate said policy annually in 2010 and 2011 to all employees (in all offices, both domestic and international) who are involved in employee engagement survey design, administration and/or sales.

(b) Until such time as the final annual re-circulation of the policy referenced in paragraph 2(a) above, Kenexa shall provide a copy of said policy to all new employees (in all offices, both domestic and international) who are involved in employee engagement design, administration and/or sales.

2. Within thirty (30) days of the date of entry of this Order, Kenexa shall designate an employee of the company who shall be responsible for overseeing all aspects of the policy referenced in paragraph 1 above, including compliance monitoring and shall notify the Court and Gallup in writing as to the identity and position of such employee.

3. As to those instances identified by the Independent Auditor, Nihill & Riedley, P.C. ("Nihill"), where Items (as defined in paragraph 5 of the Settlement Agreement) were used during the first and/or second audit periods, Kenexa shall prepare a letter to all such clients, which shall include the following: (a) that the letter is being sent to address issues regarding Kenexa's compliance with the terms of a settlement of a lawsuit brought by Gallup against Kenexa; (b) that Kenexa has agreed as part of the settlement not to use certain items, including an identification of the specific Items for that client as determined by Nihill; (c) that Kenexa use those Items for that client; and (d) that Kenexa will not use those Items in the future for that client.

4. As to those Kenexa clients who, according to the terms of paragraph 10 of the Settlement Agreement should have received notice from Kenexa, but did not:

(a) Within thirty (30) days of the date of entry of this Order, for those clients who never received any notice, Kenexa shall provide to each such customer the notification required by paragraph 10 of the Settlement Agreement. The parties shall meet and confer to arrive at the list of clients to receive notification pursuant to this paragraph, and, if the parties are unable to agree, the matter shall be submitted to the Court for the resolution of any disputes with respect thereto.

(b) Within thirty (30) days of the date of entry of this Order, for those clients who did not receive the customer notification within the sixty (60) days required by paragraph 10 of the Settlement Agreement, who remain customers of Kenexa, and for whom Kenexa has performed one or more subsequent surveys as to which Kenexa's position is that the Items have been removed, Kenexa shall provide an affidavit from a person or persons with knowledge which shall state:

    i) that the client at issue is still a client of Kenexa; and

    ii) that Kenexa conducted a subsequent survey for that client that did not include any of the items.

(c) The parties shall meet and confer to determine the list of clients referenced in subparagraph (b), and, if the parties are unable to agree, the matter shall be submitted to the court for the resolution of any disputes with respect thereto.

5. The audit period in paragraph 9 of the Settlement Agreement is extended for a

period of one (1) additional year, until January 27, 2010.  Kenexa shall bear the costs and fees ofe the Independent Auditor for this additional one year period.

  6. Kenexa shall pay all of the costs and fees of the Independent Auditor for the second audit period.

          BY THE COURT:


           /s/ Lawrence F. Stengel
          LAWRENCE F. STENGEL, J.